# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARVAUGHN JOHNSON,<br><br>        Plaintiff,<br>v.<br><br>DR. KATHLEEN MAURER, JOHN STREET, CONNIE WEIKOPF, MARY ELLEN CASTRO, RIKEL LIGHTNER, MONICA FARINELLA, ALEXIS GENDALL, COLLEEN GALLAGHER, LT. COLLINS, SYED JOHAR NAQVI, CAPTAIN OGANDO & TIM BOMBARD,<br><br>        Defendants. | Civil Action No.<br>3:18-CV-01654 (CSH)<br><br>MAY 7, 2019 |

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

**HAIGHT, Senior District Judge:**

On December 6, 2018, this Court issued an Initial Review Order ("IRO"), dismissing a number of the claims made in Plaintiff Carvaughn Johnson's Amended Complaint, [Doc. 6, the "Am. Compl."]. *Johnson v. Maurer*, No. 3:18-cv-694 (CSH), 2018 WL 6421059 (D. Conn. Dec. 6, 2018). The Court allowed claims against Defendants Captain Ogando and Syed Johar Naqvi in their personal capacities to proceed. *Id.* at *18–19. Claims against all other defendants were dismissed. *Id.* at *18.

Plaintiff, proceeding *pro se*, now moves for the Court to reconsider the IRO, asking to reinstate Tim Bombard and Rikel Lightner as defendants and to add a claim of cruel and unusual punishment against Defendant Naqvi. Doc. 10 ("Reconsideration Mtn.") ¶ 6. This motion was not timely filed. However, given the special solicitude for *pro se* litigants, the Court has nonetheless

examined Plaintiff's motion. The Court's conclusions in the IRO remain unchanged upon a review of the information in the motion and a revisitation of Plaintiff's operative complaint.

## I. STANDARD OF REVIEW FOR *PRO SE* LITIGANTS

With respect to *pro se* litigants, it is well-established that "[*p*]*ro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)). *See also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (same); *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). The federal courts' special solicitude towards *pro se* litigants "also embraces relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him." *Tracy*, 623 F.3d at 101 (2d Cir. 2010) (citations omitted) (collecting cases).

## II. DISCUSSION

Regarding motions for reconsideration, this District's Local Rules state that:

> Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order. In circumstances where such motions are appropriate, they shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.

D. Conn. L. Civ. R. 7(c). The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l*

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). This standard is "strict," and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party [is] seek [ing] solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

Plaintiff certified that his motion for reconsideration was electronically filed on February 1, 2019. Reconsideration Mtn. at 18. Given that the IRO was issued on December 6, 2018, Plaintiff has undoubtedly missed the seven-day period to move for reconsideration as set forth by the Local Rules. However, the Court will nonetheless examine the arguments put forth in his motion due to his status as a *pro se* litigant. *See also Palmer v. Sena*, 474 F. Supp. 2d 353, 354 (D. Conn. 2007) ("A failure to timely file a motion for reconsideration may constitute sufficient grounds for denying the motion; however, courts have exercised their discretion to address even untimely motions.").

### A.     Deliberate Indifference Claims Against Bombard and Lightner

Plaintiff asks that Tim Bombard and Rikel Lightner be reinstated as defendants, alleging claims of deliberate indifference to his medical needs.[1] Reconsideration Mtn. ¶¶ 1–2. He offers a recitation of events not detailed in the Amended Complaint and attaches evidence "to give the Court a better understanding of events" and "to enable the Court to fully view Plaintiff's complaint(s)[.]" Reconsideration Mtn. at 1. Case law bars consideration of these events because they are not "new evidence," but, in any case, they do not persuade the Court that it should modify the conclusions in the IRO.

---

[1] Plaintiff also seems to seek reinstatement of a cruel and unusual punishment claim against Lightner. Reconsideration Mtn. ¶ 1. This will be discussed in the next section.

One of the limited bases upon which a motion for reconsideration may be granted is the "availability of new evidence." *Virgin Atl. Airways*, 956 F.2d at 1255. Evidence is "new" if it is "truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (citing *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)). Plaintiff filed his Complaint on April 23, 2018, [Doc. 1], and then an Amended Complaint on October 9, 2018, [Am. Compl.]. The Court's IRO was based upon the Amended Complaint. *Johnson v. Maurer*, No. 3:18-cv-694 (CSH), 2018 WL 6421059, at *1 (D. Conn. Dec. 6, 2018). Plaintiff's motion discusses events that occurred in 2017 and early 2018, so it is unclear why neither the original nor amended complaint mentioned the incidents that Plaintiff raises in the instant motion. Reconsideration Mtn. ¶¶ 1–2. In addition, while it could be the case that Plaintiff did not have access to the supporting exhibits until after the Court issued the IRO, they are still not new because he could have discussed their contents in the complaints regardless. The Amended Complaint detailed Plaintiff's numerous attempts to obtain medical care without supporting documentation, and the Court had treated these allegations as true for the purposes of the IRO. Because the Motion for Reconsideration does not contain "new evidence," case law prevents the Court from considering the "new" accusations against Bombard and Lightner on this basis.

Be that as it may, the Court may grant reconsideration if there is clear error or manifest injustice. *Virgin Atl. Airways*, 956 F.2d at 1255. Plaintiff has not pointed to any possible clear errors in the IRO. The Court will thus examine whether the events as described in Plaintiff's instant motion, coupled with those in his Amended Complaint, demonstrate whether it would be manifest injustice to omit Bombard and Lightner as defendants in this action.

With respect to Bombard, Plaintiff had alleged that he was an Advanced Practice Registered Nurse who was responsible for the oversight of inmate care and had done "nothing to ease his pain

and suffering." Am. Compl. ¶ 17.  According to the Amended Complaint, Plaintiff had written to Bombard on October 20, 2017, and Bombard responded on December 13, 2017, directing him to write to Monica Farinella.  *Id.* ¶¶ 40–41.  Plaintiff's motion for reconsideration now informs the Court that he had written to Bombard on October 20, 2017, and January 15, 2018, to seek treatment for his shoulder injury.  Reconsideration Mtn. ¶ 2.  Bombard wrote back on April 16, 2018, that he would receive an MRI in May 2018.[2]  *Id.*  Plaintiff alleges that Bombard's failure to provide "constitutionally adequate medical care" violates the Eighth Amendment.  *Id.*

The Court had removed Bombard as a defendant because it rejected Plaintiff's conclusory allegation that Bombard had a supervisory role.  *Johnson*, 2018 WL 6421059, at *6.  Moreover, Bombard's responses indicated that he had tried to help Plaintiff by directing him to others.  *Id.*  These new allegations, in fact, support the Court's finding.  Bombard appears to be merely an intermediary, and a helpful one at that.  He informed Plaintiff that an MRI had been approved and scheduled for May 2018.  Reconsideration Mtn. at 11.  Bombard also indicated that he had forwarded Plaintiff's January 15, 2018, letter to "Correctional Managed Healthcare/UCHC" as they "are immediately responsible" for inmate care. *Id.*  It would not be manifest injustice to decline to reinstate Bombard as a defendant in this action.

As for Lightner, Plaintiff alleges that she was deliberately indifferent to his medical needs for failing to ensure Plaintiff was treated for his shoulder injury and foot issues.  *Id.* ¶ 1.  He asserts that he wrote to her on July 19, 2017, and spoke to her in person on or about December 7, 2017, about his

---

[2] Plaintiff alleges that the MRI for May 2018 was for a chest injury, not his shoulder injury.  Reconsideration Mtn. ¶ 2.  The Court does not credit this assertion because according to the exhibits to the motion, Bombard's letter from April 16, 2018, explains that it is in response to Plaintiff's January 15, 2018, letter.  *Id.* at 11.  Said letter by Plaintiff only mentions neck and shoulder pain, not chest pain.  *Id.* at 10.  The Amended Complaint also does not indicate that Plaintiff was seeking medical attention for chest pain.

ailments. *Id.* As stated in the Amended Complaint, the Plaintiff and Lightner had spoken on November 30, 2017, about his Health Service Remedy form being returned. Am. Compl. ¶ 35. He had also written to her multiple times, including on July 19, 2017, about his foot issues, but was dissatisfied with her responses. *Id.* ¶¶ 66, 68.

The Court removed Lightner as a defendant because the alleged facts did not show that she had disregarded excessive risks to his safety. *Johnson*, 2018 WL 6421059, at *8. She had responded to his complaints, albeit perhaps in an untimely manner, by directing him to raise them in his upcoming medical appointment. *Id.* Her responses "suggest that, as far as [she] knew, Plaintiff was receiving or would receive medical treatment for his injuries." *Id.* As it specifically pertains to his foot injuries, the Court had found his claim of deliberate indifference to be without merit because there was nothing more than Plaintiff's "mere disagreement" with Lightner's proposed treatment. *Id.* at *10.

The information in the present motion does not change these conclusions. Lightner should not be reinstated because she was responsive to Plaintiff's grievances. According to the motion's exhibits, Lightner indicated that he would be provided an appointment to evaluate his shoulder pain and that the provider who saw him ordered medicine changes and contacted a specialist, who would be the one ordering an MRI.[3] Reconsideration Mtn., at 5, 7. She also noted that he had an appointment pending with "ortho." *Id.* at 7. Even though Plaintiff is evidently less than satisfied with the content of her responses, these exhibits show that Lightner was attentive to his medical needs by

---

[3] Plaintiff protests that the provider, Barbara LaFrance, could not adequately treat him because she treated him via Skype, not in person. Reconsideration Mtn. ¶ 3. This practice, called telemedicine, is accepted by the medical community and "is viewed as a cost-effective alternative to the more traditional face-to-face way of providing medical care." Telemedicine, *Medicaid.gov*, https://www.medicaid.gov/medicaid/benefits/telemed/index.html (last visited Apr. 12, 2019).

providing him with appointments and ensuring that he had future appointments.

As for Plaintiff's foot issues, the motion supports the Court's findings in the IRO as it shows that Lightner was responsive by recommending an adequate course of treatment (wider commissary shoes), although that was not Plaintiff's preferred treatment. Reconsideration Mtn., at 6. According to the Plaintiff, the proposed treatment was not adequate because he would have to size up and commissary sneakers are too "big and cheap." *Id.* While "cheap" may refer to price or quality, it remains unclear to the Court why "Sneaker Pass" shoes are the only acceptable treatment if these are the only differences. The "cheapness" of a shoe does not necessarily determine if one's toenails will fall off, and, as Lightner's response shows, commissary shoes come in a variety of sizes. Accordingly, the Court will not reinstate claims of deliberate indifference to medical needs against Lightner for either Plaintiff's shoulder injury or foot issues.

**B.     Adding a Cruel and Unusual Punishment Claim Against Naqvi and Lightner**

Plaintiff also alleges that Lightner and Naqvi are guilty of cruel and unusual punishment. Reconsideration Mtn. ¶¶ 1, 5–6. The Court had generally declined in the IRO "to engage in a separate Eighth Amendment cruel and unusual punishment analysis" for claims related to his shoulder injury and foot issues. *Johnson*, 2018 WL 6421059, at *11. This was because "[d]eliberate indifference is a subset of cruel and unusual punishment, and Plaintiff [did not] allege[] how Defendants' actions . . . would otherwise constitute cruel and unusual punishment." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff's motion does not make the requisite allegations. His claims under cruel and unusual punishment all relate to his deliberate indifference to medical treatment claims, *i.e.*, alleging that Lightner allowed Plaintiff "to be in pain without treatment" and Naqvi prescribed a chest rub cream for his foot issues. Reconsideration Mtn. ¶¶ 1, 5. The Court again declines to engage in a separate analysis for Plaintiff's cruel and unusual punishment claims, and consequently does not

reinstate these claims against Naqvi and Lightner.

## III.  CONCLUSION

Plaintiff's motion for reconsideration, [Doc. 10], is DENIED.  The Court adheres to the IRO issued on December 6, 2018, dismissing claims against all defendants except for Naqvi and Ogando. *Johnson*, 2018 WL 6421059, at *18–19.


It is SO ORDERED.
Dated: New Haven, Connecticut
       May 7, 2019


                     */s/ Charles S. Haight, Jr.*
                     CHARLES S. HAIGHT, JR.
                     Senior United States District Judge